JANVIER, Judge.
This and another tort action resulting from the same motor vehicle accident were consolidated for purpose of triah In the accident there were three vehicles involved. It took place at about 4:45 o’clock in the afternoon on a rainy day on Highway 90, a few miles west of Des Allemands, Louisiana. A stake body Ford truck, driven by Henry Bergeron, which is not involved in these suits, was on its way in an easterly direction towards the City of New Orleans. It was followed by a Packard automobile, owned and driven by Michael Soignet. In the Soignet car, in addition to him, were his wife who since his death, which did not result from this accident, has re-married and is now Mrs. Calíais, his wife’s sister, Mrs. Ebdon Eymard, and Miss Cief, who has since married and also a very young child.
Going in the opposite direction or westward was another truck, a Chevrolet, owned and driven by the defendant, Joseph T. Boudreaux.
After the Bergeron car had crossed a bridge in the highway, there was contact between it and the Boudreaux Chevrolet truck, and after that the Boudreaux truck came into 'contact with the Packard automobile on the little bridge which had just been crossed by the Bergeron truck. The Packard car was damaged, as were Mrs. Calíais and Mrs. Eymard, and this suit, together with the one brought by Mrs. Eymard, resulted.
Mr. and Mrs. Soignet pray for judgment against Boudreaux, alleging that the accident resulted solely from his negligence. Mr. Soignet made claim only for the damage sustained by the Packard car and for certain small medical bills and loss of personal property belonging to the community, and Mrs. Soignet claimed $15,076.94 for her physical injuries and suffering and also for the loss of certain personal property.
Before this suit could be tried, Soignet was drowned and his minor children were placed in possession of his estate and were substituted as parties plaintiff for his half of the damage sustained by the community.
There was judgment in favor of Mrs. Soignet, now Mrs. Calíais, in the sum of $326.94, $250.00 of which was for pain and suffering, and the remainder was for loss *742 of personal property, and there was additional judgment in her favor for $328.96, representing her half of the loss sustained by the community, and there was also judgment for $328.96 in favor of the minor children substituted as parties plaintiff.
Mrs. Calíais appealed, praying for an increase in the amount of the judgment in her favor. Boudreaux answered the appeal praying that the suit be dismissed entirely.
Only conclusions of fact are involved. The controversy arises over the question of which of the trucks, whether it was Bergeron’s or Boudreaux’s which swerved across the highway to the wrong side of the highway and caused the first impact from which the second impact with the Soignet Packard obviously resulted. Bergeron says that the Boudreaux truck crossed to his side and Boudreaux says exactly the contrary. The District Judge found that the impact between the two trucks took place after the Bergeron truck had crossed the bridge and had reached a point about 125 or 150 feet beyond it when the Boudreaux truck swerved to the wrong side and struck first the Bergeron truck, and then, out of control, continued to the bridge and there struck the Packard automobile causing the damage to it and the physical injuries on which this and the Eymard suit are based.
The evidence seems to justify this factual conclusion and surely does not warrant a holding that the District Judge was manifestly in error insofar as the question of liability is concerned. However, we cannot agree with his evaluation of the damages sustained.
Insofar as the damage to the Soig-net Packard is concerned, we find no dispute and conclude that that damage should be evaluated at $657.92. The automobile was admittedly community property and, therefore, Mrs. Calíais, formerly Mrs. Soignet, is entitled on this item to $328.96. The two minor children, Gracelyn Soignet and Donald Soignet, are each entitled to $164.48.
The evidence as to the damage to and loss of personal property leaves it very difficult to determine just what this loss actually amounted to. The District Court found that it totaled $76.94, and we cannot find fault with this conclusion. This loss was sustained by the community so that Mrs. Calíais is entitled to $38.47, and each minor child is entitled to $19.23.
For her physical injuries and suffering Mrs. Calíais was allowed only $250.-00, which is obviously inadequate. The accident occurred on December 28, 1950. She was seen by Dr. Philip A. Robichaux on that same day and though he had no independent recollection of her injuries, his records showed that she sustained a simple fracture of the cuboid bone of the left foot with small lacerations and contusions of the right leg. The foot was placed in a cast on December 31, which was not removed until almost the end of February. In addition to the cast, a small “U” shaped piece of metal was placed under the cast so that the foot might rest on the floor without additional pain. While there is some dispute over the question, it is clear that X-ray photographs were taken and that they did show a fracture of the cuboid bone, which is a small bone in the lower part of the foot. Mrs. Calíais was discharged as cured on March 15, and, shortly before the trial, an examination showed that there was no residual damage or disability. For these injuries she was entitled to $1,000.00, making a total amount due her of $1,367.43.
Accordingly, the judgment is amended so as to increase the award to Mrs. Annie Calíais to the sum of $1,367.43, with legal interest from judicial demand, and so as to increase the award to Mrs. Annie Cal-íais, natural tutrix of the minors, Gracelyn Soignet and Donald Soignet, to the sum of $367.43, with legal interest from judicial demand; all costs are to be paid by defendant-appellee.
Amended and affirmed.